## In re SHANKS.

District Court, D. Minnesota, Second Division. February 5, 1927.

### No. 2530.

1. Bankruptcy ⬡413(6)—Creditor may be permitted to amend specifications of objections to discharge by addition of verification.

Creditor objecting to discharge may be granted permission to amend specifications by attaching verification thereto.

2. Bankruptcy ⬡408(4)—Bankrupt's failure to schedule worthless equity of redemption in land held not to preclude discharge.

Bankrupt's failure to list as an asset an equity of redemption in land not worth the incumbrances against it *held* not to preclude discharge, particularly where notation of assignment of rental contract covering such land to attorney negatived any intent to deceive.

In Bankruptcy. In the matter of the bankruptcy of William N. Shanks. On report of special master, recommending that discharge be granted. Reported confirmed.

James H. Hall, of Marshall, Minn., for bankrupt.

Joseph P. O'Hara, of Glencoe, Minn., for objecting creditor.

JOHN B. SANBORN, District Judge.
[1] A motion was made before the special master to strike out the specifications of objection on the ground that they were not verified. The objecting creditor asked permission of the court to amend the specifications by attaching a verification. The court will grant leave to so amend the specifications, and will treat them as though they had been duly verified.

[2] There is only one objection to the discharge of the bankrupt which has any substance, and it is the only one which is referred to in the brief of the objecting creditor. It is claimed that the bankrupt made a false oath to his schedules because he failed to schedule 80 acres of unimproved land in Nobles county, Minn., upon which there were mortgages aggregating $5,800 and more than $200 of taxes. The second mortgage upon this property had been foreclosed in November, 1925, and the year of redemption did not expire until November, 1926. Shanks was adjudicated a bankrupt on March 22, 1926, so that he still had an equity of redemption in this land. It is claimed that it was valuable. The testimony taken before the special master indicates that the land was not worth the incumbrances against it, and that the bankrupt had abandoned it. It further appears that the bankrupt had assigned the rental contract upon this land to his counsel, and that fact was shown upon the schedules. It is obvious that this contract was the only thing of value in connection with this 80 acres. It further appears that the objecting creditor has a judgment docketed in Nobles county, so that it is in a position to redeem from the mortgage foreclosure sale, if it desires to do so. This last fact is not important, but indicates that the failure of the bankrupt to schedule his property, or the trustee to take it over, has not prejudiced this particular creditor.

Technically, no doubt, the equity of redemption in this land should have been scheduled as an asset. In view of the fact that the only interest that the bankrupt had in this property was an equity of redemption, that this equity had no value, that the notation of the assignment of the rental contract negatives any intent to deceive, it is difficult to see how the special master could have arrived at any other conclusion than that which he did arrive at, namely, that there was no intent on the part of the bankrupt, in connection with any inaccuracies or omissions in his schedules, to mislead the trustee or his creditors, and that no one was prejudiced thereby.

The report of the special master is confirmed, and an order may be entered granting the bankrupt his discharge. It is so ordered.